# Hale & Monico LLC

Arthur G. Larkin
Direct (646) 858-1180
alarkin@ahalelaw.com

**53 W. Jackson Blvd.**
**Ste. 330**
**Chicago, IL 60604-3406**
**312-341-9646**
**312-341-9656 (fax)**

**7 S. Fairview, Ste. 201**
**Park Ridge, IL 60068**
**847-696-9021 (fax)**

456 Fulton Ave.
Ste. 218
Peoria, IL 61602
309-839-8396
309-637-1106 (fax)

The Woolworth Building
233 Broadway
Ste. 820
New York, NY 10279
646-858-1180

---

June 1, 2020

**BY ECF**
Hon. Lisa M. Smith
United States Magistrate Judge
United States District Court
300 Quarropas Street
New York, New York 10601

Re:  Johnson v. McMorrow, 19-CV-6480 (NSR) (LMS)

Your Honor:

We write in connection with the draft confidentiality stipulation (the "Stipulation"). Attached is the redlined draft that reflects the four (4) provisions on which the parties disagree. The redlined changes on the attached draft reflect plaintiff's position on the disputed matters. We summarize plaintiff's position below.

First, on page three, plaintiff objects to defendants' proposed paragraph by which defendants seek to prevent the plaintiff from having any copies of "confidential" information, and would instead allow the undersigned only to show copies of "confidential" materials to the plaintiff during in-person meetings. We submit that this provision is unreasonable particularly in light of the Covid-19 restrictions on travel and meetings. The plaintiff is subject to the provisions of the Stipulation and may not share "confidential" information with unauthorized persons. To the extent defendants have concerns about dissemination of confidential information, those concerns are adequately addressed by the Stipulation's other terms.

---

The Court has modified the proposed stipulation to remove original paragraph 5 (in an appropriate circumstance a party may seek an order to prevent a party from having possession of a particular document), renumbered the paragraphs including internal references to paragraphs, has not adopted the proposal to provide names and addresses of complainants (in an appropriate circumstance a request may be made to the Court for the information), has adopted plaintiff's language for bringing a matter to the Court, and has retained original paragraph 19, now paragraph 18. As the matters were not agreed to but were so ordered, it is no longer a stipulation. See the Note at the end of the Order.

SO ORDERED: *Lisa Margaret Smith*
Hon. Lisa Margaret Smith
U.S.M.J.

6/5/2020

Second, we submit that on page five, the defendants' proposed paragraph should be modified to allow for disclosure of the names and addresses of persons who filed complaints against the named defendants, if any are ordered to be disclosed. Those persons may be witnesses either at deposition or trial.

Third, on page 7, we submit that the party asserting confidentiality should bear the burden of moving for appropriate relief in the event that counsel cannot resolve any dispute over confidentiality. "To the extent a party seeks a protective order under Rule 26(c), that party 'has the burden of showing that good cause exists for issuance of that order.'" *Rocky Aspen Management 204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461, 465 (S.D.N.Y. 2019) (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Id*. (citing *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)). "[T]he grant and nature of protection is singularly within the discretion of the district court." *Id*. (quoting *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992)).

Because the party seeking confidential treatment for discovery materials bears the burden of demonstrating "good cause," that party should bear the burden of seeking court intervention in the event of any dispute. In the absence of a stipulated order, the Rule would operate in that manner, e.g., the party asserting confidentiality would bear the burden of seeking relief. We further submit that failure to move should constitute a waiver of any claim to confidentiality.

Fourth, we submit that paragraph 19 on page 8 is superfluous and should be deleted.

                Respectfully submitted,

                /s/
                Arthur G. Larkin, Esq.
                HALE & MONICO LLC

AGL/m
cc: All Counsel (by ECF)