UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CHRISTOPHER JOHNSON,                      :

                                                :      19-CV-6480(PMH)(LMS)
                              Plaintiff,           :

                                                :      **STIPULATION OF**
                 - against -                         :      **CONFIDENTIALITY AND**
                                                :      **PROTECTIVE ORDER**

TROOPER ANDREW McMORROW, TROOPER   :
MARISA RODRIGUEZ, and JOHN DOES ## 1-10,   :

                             Defendants.         :
------------------------------------------------------------------ X

         WHEREAS discovery in this action herein (the "Action") may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize departmental safety, security or good order, or (b) contain information that implicates privacy interests or is confidential under state or federal law; and

         WHEREAS the Parties agree that a Protective Order is necessary to assure appropriate protection of privacy interests and other legitimate interests in confidentiality;

         WHEREAS the Parties agree to the terms of this Protective Order ("Protective Order") to protect their confidential documents, things, and information;

         WHEREAS this Protective Order does not operate to mandate disclosure of any particular information and does not work to waive any objections or privileges any Party may have to the production of any particular information in response to a demand in this litigation; and

         WHEREAS good cause exists for the entry of this Protective Order,

         **IT IS HEREBY STIPULATED AND AGREED** that:

         1.       The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule

26.3(c)(2) of the Local Civil Rules of this Court.

2. Any person subject to this Order who receives from any other person any information of any kind—whether in documents, testimony or any other form—provided in the course of the Action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

3. The party producing any given Discovery Material may designate as "Confidential" any Discovery Material that contains non-public personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing party, adversely affect a person's privacy obligations or personal interests.

4. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated as Confidential by the producing party to any other person, except:

    a. Attorneys for Plaintiff;

    b. Attorneys for Defendants;

    c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have responsibility for the preparation or trial of the Action, or any appeal thereof;

    d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto;

   e. Individual employees of the New York State Police ("NYSP"), to the extent that such individual employees would have access to the Confidential Material as part of their employment with the NYSP;

   f. Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

   g. Court reporters, to the extent deemed necessary for the conduct of the Action by the respective attorneys for Plaintiff or Defendants;

   h. The Court and supporting personnel;

   i. All other deposition or trial witnesses in the Action, including counsel for such witnesses, to the extent that Confidential Material is reasonably believed or expected to relate to the witnesses' testimony except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto; and

   j. The parties, except as provided below.

5. For Confidential Material that contains sensitive information and/or identifying personal information pertaining to either party, current or former employees of the NYSP, and third-parties, or otherwise security concerns that require greater restrictions than documents designated "Confidential," counsel may designate such information "Highly Confidential." A designation of "Highly Confidential" means that it is for "attorneys' eyes

3

only" and shall not be released or disclosed in any manner to any other person who does not fall under Paragraph 4(a) – (i) herein, and may not be disclosed in any manner to any party to this lawsuit other than the party who produced the Highly Confidential information.

6. All transcripts of depositions taken in this Action will be treated as Confidential in their entirety for five (5) business days after a full and final copy of the deposition transcript is provided to the adverse party. During this five (5) day period, either party may designate as Confidential or Highly Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraphs 3 and 6 herein, and such designation shall be provided to opposing counsel in writing (by email). A party may also specifically designate on the record any portion of the testimony as Confidential and Highly Confidential Material, and any deposition exhibits related to the subject areas described in Paragraphs 3 and 5 herein. Specific designations made on the record at the time of the deposition need not be re-asserted during the five (5) day period described above. Any objection to a confidentiality designation shall be resolved by the provisions provided in Paragraph 14 herein.

7. To the extent any party or counsel for any party obtained copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of the action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential or Highly Confidential Material unless counsel consent otherwise.

8. Notwithstanding the treatment as Confidential or Highly Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of the NYSP, or any individual who is or was in the custody of the

NYSP, it is understood that the names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or third party who has not provided the NYSP with a duly executed authorization permitting disclosure of such information shall be redacted from NYSP documents. Nothing herein will be deemed a waiver of Defendants' objections to producing health care, mental health care or employment records in this action.

9. Confidential or Highly Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties, provided, however, that, in the event that a party intends to produce documents containing Confidential or Highly Confidential Material or that contain Confidential or Highly Confidential Material obtained from such documents in response to such an order, counsel shall serve notice of such order upon the opposing party, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give the opposing party the opportunity to seek a protective order against such production.

10. In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential or Highly Confidential Material produced pursuant to this Stipulation and of Confidentiality and Protective Order or that contain Confidential or Highly Confidential Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing party's designation and pursuant to the Court's instructions for filing documents under seal. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential or Highly Confidential Material, or reference thereto, and does not redact text that in no material way reveals the Confidential or Highly Confidential Material.

11. When filing papers with the Court under seal, the parties shall consult and comply with the instructions for filing documents under seal, as set forth in: (i) Section 6 of the Court's Electronic Filing Rules & Instructions; (ii) the Court's Local Rules for filing sealed records; (iii) the Individual Rules of Practice of Judge Philip M. Halpern and/or Judge Lisa Margaret Smith; and (iv) any Order of the Court. Unless otherwise provided by the above, such papers or documents must be labeled "File under seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential or Highly Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

12. No person receiving or reviewing Confidential or Highly Confidential Material pursuant to this Stipulation of Confidentiality and Protective Order shall disclose or discuss such Confidential or Highly Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential or Highly Confidential Information pursuant to this Stipulation of Confidentiality and Protective Order.

13. The Confidential or Highly Confidential Material shall not be disclosed in open court without first affording the opposing party an opportunity to contest disclosure of the Confidential or Highly Confidential Information. Disclosure of Confidential or Highly Confidential Information at trial shall be determined by the Court.

14. Any objection to a designation of Confidential or Highly Confidential that was made on the record at the time of a deposition shall be stated either on the record at the deposition or in writing (by email) to the counsel for the party that made the designation, and shall be done within five (5) business days following the receipt of the deposition transcript, as provided in Paragraph 6 herein. Any objection to a designation of Confidential or Highly

6

Confidential that was not made on the record at the time of the deposition but was made during the five (5) day period following receipt of the deposition transcript, as provided in Paragraph 6 herein, shall be stated in writing (by email) to the counsel for the party that made the designation, and shall be done within five (5) business days following the receipt of the confidentiality designation, as provided in Paragraph 6 herein. Any objection to the designation of any document produced during discovery as Confidential or Highly Confidential shall be stated in writing (by email) to the counsel for the party that made the designation, and shall be done within thirty (30) days of the objecting party's receipt of the Confidential or Highly Confidential Material. Within three (3) business days after receipt of an objection to a designation of Confidential or Highly Confidential Material, counsel shall, in good faith, attempt to resolve the dispute amicably. If the dispute cannot be resolved, the party asserting the designation of Confidential or Highly Confidential Material shall submit the dispute to the Court, following the Court's individual practices for resolving discovery disputes. Any disputed deposition testimony, exhibit or document shall be treated as Confidential or Highly Confidential Material until the parties resolve the dispute or the Court issues its ruling regarding the dispute. Failure to bring the matter to the Court's attention will constitute a waiver of any claim of confidentiality.

15. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with the Action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

16. Nothing herein constitutes a waiver of any obligation to disclose or produce any document if otherwise required under the Rules or court order.

17. An inadvertent failure to designate Confidential or Highly Confidential Material as confidential or highly confidential may be corrected by supplemental written notice given as soon as practicable.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

19. Confidential or Highly Confidential Material produced pursuant to the terms of this Stipulation of Confidentiality and Protective Order shall be used by the receiving party solely for the purposes of the Action and solely to the extent necessary for the litigation of the Action, including any appeals thereof.

20. Within thirty (30) days of the conclusion of the Action, counsel shall either return to opposing counsel all Confidential or Highly Confidential Material, and any copies thereof, in their custody, possession or control and any documents containing Confidential or Highly Confidential Information, in whole or in part, and any copies made therefrom, or shall notify counsel in writing that all such Confidential or Highly Confidential Information has been destroyed.

21. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in Paragraphs 3 and 5 herein.

**SO STIPULATED AND AGREED:**

Dated: June ___, 2020

Hale & Monico, LLC
*Attorneys for Plaintiff*

By: _____
Arthur G. Larkin
The Woolworth Building
233 Broadway, Suite 820
New York, NY 10279
(646) 858-1180
alarkin@halelaw.com

Dated: June ____, 2020

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: _____
Deanna L. Collins
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-8906
Deanna.Collins@ag.ny.gov

**SO ORDERED**
Dated: June 5, 2020     *[signature: Lisa Margaret Smith]*

_____
Hon. Lisa Margaret Smith
U.S.M.J.

NOTE: This Order is governed by SDNY Standing Order M-10-468, filed 10/5/2001, which provides that any protective order in any civil case that provides for the filing of information under seal shall include the following provision: "Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them." This order will be self-executing, in that the Clerk will treat all protective orders that direct the sealing of documents in civil cases as if they contain the above provision.

# **CERTIFICATION**

     I certify my understanding that Confidential or Highly Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation of Confidentiality and Protective Order in <u>Johnson v. McMorrow, *et al.*</u>, 19-cv-6480(PMH)(LMS), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation of Confidentiality and Protective Order and agree to be bound by it.

     I understand that all provisions of the Stipulation of Confidentiality and Protective Order restricting the communication or use of Confidential or Highly Confidential Discovery Material, including but not limited to any notes or other transcriptions made of Confidential or Highly Confidential Discovery Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____  
                                                                               _____  
                                                                                                      SIGNATURE

                                                                                  _____  
                                                                                  PRINT NAME

                                                                                  _____

                                                                                  _____  
                                                                                       ADDRESS

                                                                                 _____  
                                                                               TELEPHONE #

                                                                                  _____