UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTOPHER JOHNSON,

                Plaintiff,                  19 Civ. 6480 (PMH) (AEK)

    -against-                                  **ORDER**

TROOPER ANDREW McMORROW, et al.,

                Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      After hearing arguments from the parties at a status conference on May 27, 2020, and after further considering written submissions on the matter, *see, e.g.*, ECF Nos. 28, 31, 41, 42, the Honorable Lisa Margaret Smith determined that Defendants could seek the production of documents from the Lexington Center for Recovery regarding Plaintiff Christopher Johnson, *see* ECF No. 43.  The Court eventually issued a series of orders to compel the production of these records for *in camera* review, *see* ECF Nos. 50, 54, 58, and the Court has now received the relevant records from the Lexington Center for Recovery.

      Because of the potentially sensitive nature of the information included in these records, the undersigned has reviewed the documents to determine which records should be released to the parties for use in this litigation.  Consistent with the rulings made by Judge Smith earlier this year, the only materials that are relevant to the claims in this litigation are documents reflecting any communications between Plaintiff and staff at the Lexington Center for Recovery regarding the February 2018 arrest and subsequent criminal proceedings that are at the root of Plaintiff's instant lawsuit, *see* ECF No. 1 at 3-6, and information pertaining to Plaintiff's allegations that he has experienced "severe emotional distress" and anxiety, *id.* at 6, 10-11.

The Court has determined that all or parts of 20 pages of records produced by Lexington Center for Recovery should be released to the parties. Where appropriate, the Court endeavored to include complete versions of documents; this includes complete copies of two four-page documents, one six-page document, and one one-page document. In one case, however, the Court has included only certain portions of a 12-page document, because on balance, there was too much information in that document that fell outside of the narrow categories of information subject to production described above. For the 12-page document, the Court has included portions of five of the 12 pages in the document that was produced by the Lexington Center for Recovery, and the Court (not Lexington) has applied redactions to these five pages so as not to disclose the portions of these pages that do not fit within the parameters established for disclosure.[1]

Chambers will simultaneously transmit a copy of the selected records from Lexington Center for Recovery to all counsel of record via e-mail. These records shall be treated as "Highly Confidential" within the meaning of Paragraph 5 of the Confidentiality and Protective Order in place in this action. *See* ECF No. 36. The Court will retain the original copy of the records that were provided for *in camera* review.

Dated: December 10, 2020
      White Plains, New York         **SO ORDERED.**

*(signature: Andrew Krause)*

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] The largely redacted first page of this document is included to provide the parties with header and date information so that they can understand generally what the document is and when the information contained in that document was obtained.