# Hale & Monico LLC

Arthur G. Larkin
Direct (646) 858-1180
alarkin@ahalelaw.com

| | | | |
|---|---|---|---|
| **53 W. Jackson Blvd.**<br>**Ste. 330**<br>**Chicago, IL  60604-3406**<br>**312-341-9646**<br>**312-341-9656 (fax)** | **7 S. Fairview, Ste.  201**<br>**Park Ridge, IL 60068**<br>**847-696-9021 (fax)** | **456 Fulton Ave.**<br>**Ste. 218**<br>**Peoria, IL 61602**<br>**309-839-8396**<br>**309-637-1106 (fax)** | **The Woolworth Building**<br>**233 Broadway**<br>**Ste. 820**<br>**New York, NY 10279**<br>**646-858-1180** |

May 24, 2021

**BY ECF**
Hon. Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

   Re:  Johnson v. McMorrow, et al., 19-CV-6480 (PMH) (AEK)

Your Honor:

  We write to request an order precluding defendants' proposed expert Sgt. Jonathan Cook from testifying at trial, on the grounds that defendants' expert disclosures (copy attached) are insufficient under either Rules 26(a)(2)(B) or (C), and that the expert's proffered opinions are inadmissible.  Alternatively, we request an order for more specific disclosures and an extension of the deadline to complete expert discovery, which is currently June 4, 2021.

  Defendants assert that the more lenient disclosure standard of Rule 26(a)(2)(C) applies here, rather than the standard of Rule 26(a)(2)(B).  However it appears that the expert is an employee of the State who may "regularly … giv[e] expert testimony" in which case Rule 26(a)(2)(B) applies.  (Counsel is unsure whether Sgt. Cook regularly gives expert testimony on behalf of the State.)  Assuming that the stricter standard of Rule 26(a)(2)(B) applies, the annexed disclosures do not include the information mandated by subsections (i)-(vi) of the Rule, and for this reason preclusion or other relief is appropriate.

Even if disclosure is governed by the more lenient standard of Rule 26(a)(2)(C), defendants' disclosures are insufficient because they set forth broad generalities with almost no specifics. The disclosures state that Sgt. Cook will testify that State troopers have discretion to pull a vehicle over if "the totality of the circumstances" warrant, and that such discretion is "derived from classroom training, field training, and … experience." But defendants do not describe <u>any</u> of the circumstances that justify pulling a vehicle over, or <u>any</u> of the "classroom" or "field" training relevant to the decision to do so. Similarly, the expert will state that training "guides troopers in how to assess a motorist's probable impairment both prior to and during a traffic stop," but defendants fail to describe what training offers such guidance, or how. These disclosures are insufficient and mandate either preclusion or a supplemental disclosure. *E.g., Olutosin v. Gunsett*, 14-CV-685 (NSR), 2019 WL 5616889, *3 (S.D.N.Y. Oct. 31, 2019).[1]

Apart from the foregoing, the proffered opinions are inadmissible. Sgt. Cook will testify that "public safety" is a priority for the State police and that "impaired driving is a significant public safety concern," but these matters are obvious to any jury. He will testify about State trooper training in the area of DWI traffic enforcement, but expert testimony regarding the content of such training is irrelevant to whether the officers had probable cause, in this case, to arrest plaintiff, or whether they submitted false reports. *See Callahan v. Wilson*, 863 F.3d 144, 153 (2d Cir. 2017) (excluding expert testimony in excessive force case). Finally, Sgt. Cook will testify that given the "totality of the circumstances," there was probable cause to arrest plaintiff for DWI, but this opinion is a "legal determination that is not properly the subject of expert opinion testimony." *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010).

---

[1] *See also Allen v. State Dept. of Corrections*, 19-CV-8173 (LAP), 2020 WL 6748473 (S.D.N.Y. Nov. 2, 2020); *Chevron Corp. v. Donziger*, 11-CV-691 (LAK), 2013 WL 5493996, *2 (S.D.N.Y. Oct. 3, 2013) ("cursory and vague descriptions" insufficient); *Puglisi v. Town of Hempstead*, 92 Fed. R. Evid. Serv. 113, 2013 WL 4046263, *5 (E.D.N.Y. 2013) (doctor's letter comprising five paragraphs insufficient).

Respectfully submitted,

/s/
Arthur G. Larkin, Esq.
HALE & MONICO, LLC

AGL/m
Attachment
cc:     Deanna Collins, Esq. (by ECF)

> Plaintiff's letter motion for a conference (ECF No. 66) is GRANTED. A telephonic status conference is hereby scheduled for June 4, 2021 at 9:45 a.m. The parties should be prepared to discuss the discovery disputes raised by plaintiff in his May 24, 2021 letter. The Court anticipates ruling on those matters on the record at the June 4 conference. Defendants' response to the May 24, 2021 letter is due on or before June 1, 2021 (see ECF No. 23). The parties are directed to use the same teleconference information that they have used for previous conferences with Magistrate Judge Krause (see ECF No. 61).
>
> Dated: May 26, 2021

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge