UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTOPHER JOHNSON,

                        Plaintiff,

v.

TROOPER ANDREW McMORROW, et al.,

                        Defendants.
-----------------------------------------------------------X

**ORDER**

19-CV-06480 (PMH)

PHILIP M. HALPERN, United States District Judge:

       On February 7, 2023, the Court entered an Opinion and Order granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint. (Doc. 110). Judgment was entered by the Clerk of Court on February 8, 2023 and the case was closed. (Doc. 111). Plaintiff, throughout the proceedings in the District Court, was represented by counsel. Indeed, he continues to be represented by counsel to this day. (*See* Local Civil Rule 1.4, which provides that counsel may be relieved or displaced only by order of the Court). On March 22, 2023, Plaintiff, apparently proceeding *pro se*, filed a motion for extension of time to file a notice of appeal, together with a motion for leave to proceed *in forma pauperis* on appeal. (Docs. 112, 113, 114). For the reasons stated herein, Plaintiff's motion for an extension to file a notice of appeal (Doc. 112) is GRANTED and his motion for leave to appeal *in forma pauperis* (Doc. 113) is DENIED.

       After the 30-day window to appeal as of right has expired, like here, a party may move for an extension under Federal Rule of Appellate Procedure 4(a)(5), provided the motion is made within 30 days after the expiration of the original appeal time and "th[e] party [seeking an extension] shows excusable neglect or good cause." "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."

*Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021). Plaintiff, in support of his motion for an extension, states only that he did not file a notice of appeal within the required time period because: "I was homeless at the time and had a medical condition." (Doc. 112). Because Plaintiff's "failure to appeal in a timely fashion was at least partially due to [his] own inadvertence, 'excusable neglect,' rather than 'good cause,' is the appropriate standard for assessing [his] claim." *Alexander*, 5 F.4th at 142 (2d Cir. 2021). The factors a court should consider in determining whether a litigant has established "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5) are: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*. (quoting *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

The Second Circuit has emphasized "that it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases." *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004); *see also Silivanch v. Celebrity Cruises. Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003). "The equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule." *Silivanch*, 333 F.3d at 366 (internal quotation marks omitted). Thus, if "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose . . . ." *Id*. at 366-67 (internal quotation marks omitted). "This reasoning reflects a concern that 'the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced.'" *Al-Qadaffi v. Servs. for the Underserved (SUS)*, No. 13-CV-08193, 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015) (quoting *Williams*, 391 F.3d at 416)).

Although Plaintiff has provided the Court little information to determine whether his neglect was excusable, and despite the fact he was represented by counsel when judgment was entered and the time to appeal began to run, the fact that Plaintiff was rendered homeless and suffered a medical condition during the 30-day window to appeal suffices to establish excusable neglect. *See Al-Qadaffi*, 2015 WL 3401045, at *2 (granting *pro se* plaintiff's motion for extension to file notice of appeal where plaintiff was "rendered homeless because of the protective order and then was hospitalized for two weeks during the 30 day window to appeal").

Accordingly, Plaintiff's motion for an extension to file a notice of appeal (Doc. 112) is GRANTED.

Plaintiff's motion under Federal Rule of Appellate Procedure 24(a) for leave to appeal *in forma pauperis*, however, is denied. That rule provides that a party who wishes to proceed *in forma pauperis* on appeal must file a motion in the district court and must attach an affidavit that: "(1) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). "The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915." *Freeman v. Rochester Psychiatric Ctr.*, No. 12-CV-06045, 2018 WL 11486492, at *1 (W.D.N.Y. Apr. 23, 2018) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002)).

Plaintiff has not attached to his motion, nor has he at any time filed, an affidavit demonstrating his "inability to pay or to give security for fees and costs;" "claim[ing] an entitlement to redress; and" "stat[ing] the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1). Plaintiff's failure to comply with this mandatory provision is fatal to his motion.

3

Accordingly, Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 113) is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 112; Doc. 113) and mail a copy of this Order to Plaintiff at the address he provided: Christopher Johnson, 49 Croton Point Ave, Apt. C, Croton-on-Hudson, NY 10520.

**SO ORDERED:**

Dated: White Plains, New York
April 4, 2023

_____
Philip M. Halpern
United States District Judge